IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON M. BORELLI,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY CORRECTIONS DEP.; MIKE MYERS; CAPT. EARLEY; SGT. LIIKE; ROBERTS, STEVENS; PENVALIERRARA; T.J. GROWTHE; PATLIN; CAMACHO; DOUGLAS COUNTY CORRECTIONAL LAW ENFORCEMENT FACILITY/ENTITY, and ADMINISTRATORS OF DOUGLAS COUNTY CORRECTIONAL FACILITY,<br><br>Defendants. | 8:21CV88<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, filed his Complaint on March 4, 2021. Plaintiff subsequently was granted leave to proceed in forma pauperis, and he has paid the required initial partial filing fee. The court will now conduct an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff's Complaint indicates this is a civil rights action brought under 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights while being held as a pretrial detainee by the Douglas County Department of Corrections.

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Included among Defendants named in the Complaint are "Douglas County Corrections Dep[artment]" and "Douglas County Correctional Law Enforcement Facility/Entity." They are not proper defendants. *See Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (Douglas County Department of Corrections not distinct legal entity subject to suit) (collecting cases); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases).

Plaintiff sues each individual Defendant in his or her official capacity, which is actually a suit against Douglas County itself. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city ....").

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against a county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that

3

plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against Defendants in their official capacities—which are in reality a claim against Douglas County—fail to state a claim upon which relief can be granted because he does not allege that a policy or custom of a government entity caused the violation of his constitutional rights. Indeed, Plaintiff alleges that "specific staff members … may or may not have been following policy." (Filing 1, p. 5.) "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

Although Plaintiff's Complaint is subject to preservice dismissal, the court on its own motion will grant Plaintiff leave to file an amended complaint. If Plaintiff chooses to bring individual-capacity claims against Defendants in that amended complaint, he should keep in mind that he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. That is to say, Plaintiff must explain how *each* Defendant *personally* participated in the alleged constitutional violation.

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other requirements, the Federal Rules command plaintiffs to formulate their pleadings in an organized and comprehensible manner:

4

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

Plaintiff should also be mindful that the Federal Rules place restrictions on the joinder of claims and defendants into a single action. While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "in actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons ... may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.). All "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974).

5

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will permit Plaintiff to file an amended complaint within 30 days.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint in accordance with this Memorandum and Order.

2. Failure to file an amended complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

3. If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5. The Clerk of the Court is directed to set the following pro se case management deadline: **June 23, 2021**, check for amended complaint.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 24th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge